**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GREEN GROSS, # 09724-003**                                             **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 5:10-cv-5-DCB-MTP**

**BRUCE PEARSON**                                                        **RESPONDENT**

MEMORANDUM OPINION

This matter is before the court, sua sponte, for dismissal. The petitioner is presently incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi and filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 on January 19, 2010. As relief, petitioner is requesting that fourteen months served in state custody in Alabama be credited to his federal sentence.

Background

Petitioner pleaded guilty to felon in possession of a firearm and possession with intent to distribute crack cocaine in the United States District Court for the Southern District of Alabama and was sentenced to 57 months in the custody of the Bureau of Prisons on August 20, 2007. Prior to his guilty plea, petitioner was in state custody in Alabama, serving a state sentence after parole revocation. Petitioner claims that the Bureau of Prisons is using January 15, 2008, as his entry date in error. Petitioner contends that he remained in federal custody from November 17, 2006 until January 15, 2008 and that he is entitled to credit for fourteen months towards his federal sentence.

This court entered an order [2] on February 2, 2010, directing petitioner to inform this court if he had received credit towards his state sentence for the fourteen months he was requesting to be credited towards his federal sentence. On February 8, 2010, petitioner filed a

response [3] stating that he had received credit toward his state sentence for the time he was requesting to be credited towards his federal sentence.

Analysis

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Clearly, the petitioner in the instant civil action is challenging the manner in which his sentence is being executed and therefore the petition is properly before this court.

Petitioner has exhausted his administrative remedies regarding the claims presented in his petition.  Pet. [1], p. 5.  In the Bureau of Prison's (BOP) response to his request for administrative remedies, it states that petitioner's "federal sentence has been calculated to commence on January 15, 2008, the date you completed the state sentence".  Id. at 11.  The administrative remedies response from the BOP goes on to state that it considers a request for credit for time spent in state custody as a request for nunc pro tunc designation in light of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).  Id.  In considering a nunc pro tunc designation, the BOP states that a designation is made "only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system".  Id.  As a result, the BOP reviewed petitioner's file and determined that commencement of petitioner's sentence by way of a concurrent designation was not consistent with federal statute or BOP policy.  Id.  The BOP has wide discretion in determining whether or not to grant nunc pro tunc designation.  See Yusufu v. Ashcroft, No. 00-10918, 2001 WL 274491, * at 1 (5th Cir. Feb. 15, 2001) (citing

Barden v. Keohane, 921 F.2d at 483-84.

Assuming petitioner takes issue with the Bureau of Prison's response, as aforementioned, petitioner stated in his response [3] that he has received credit for the fourteen months he is requesting towards his state sentence. Title 18 U.S.C. § 3585(b) allows for an inmate to receive credit "toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." See U.S. v.Wilson, 503 U.S. 329, 333 (1992) (§ 3585(b) only authorizes credit for detention that has not be credited towards another sentence); Jackson v. Casterline, No. 99-30919, 2000 WL 1029187, at *2 (5th Cir. Jul. 14, 2000) (when petitioner received credit towards his state sentence for the time served before his federal sentence commenced, the BOP was prohibited from awarding petitioner credit towards his federal sentence). Therefore, since the petitioner received credit toward his state sentence for the time in question, he is precluded by 18 U.S.C. § 3585(b) to receive credit toward his federal sentence.

## Conclusion

Therefore, based on the foregoing, this court has determined that petitioner has failed to present claims upon which his requested habeas relief can be granted. Consequently, this civil action will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

This the 3rd day of March, 2010.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE